# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KINGSTON WONEGIE RANGE,

    *Petitioner*,

vs.

JAMES SCHOMIG, *et al.,*

    *Respondents*.

2:03-cv-01608-RLH-PAL

ORDER

    This habeas action under 28 U.S.C. § 2254 comes before the Court for disposition on the merits. On June 9, 2000, petitioner Kingston Wonegie Range was convicted following a jury trial of two counts of sexual assault and one count of false imprisonment, with the victim being his spouse or former spouse. The answer seeks dismissal of all claims presented on the face of the petition as bald and conclusory claims, without supplying the Court with the relevant record from the state court trial proceedings. The Court is not persuaded, and respondents accordingly will be directed to file a supplemental answer that both provides a complete response to the claims and supplies the relevant state court record materials.[1]

### Ground 1(a): The Victim's Alleged Drug Use at the Time of the Offense

    In Ground 1(a), petitioner alleges that he was denied effective assistance of counsel when his trial counsel failed to effectively cross-examine the victim regarding her drug use at the time of the offense and to present a contemporaneous medical report regarding same.

---

[1] The Court notes that the deputy attorney general presently assigned to the case is not the attorney who filed the answer.

In the answer, the respondents first urge that petitioner "merely provides a bare and conclusory statement that the outcome of his sentencing proceeding would have been different had his attorney acted as Moraga desired." #15, at 7.

Respondents' counsel apparently had the present case confused with another case by a petitioner with a different name. Ground 1(a) clearly concerns a claim regarding counsel's trial performance, not an alleged deficiency of counsel at sentencing.

Ground 1(a) alleges, in full, that petitioner was denied, *inter alia*, effective assistance of counsel, based on the following factual allegations:

> Petitioner argues that trial counsel did not adequately investigate and/or cross-examine Mrs. Range on the fact she tested positive for opiates (heroin). Trial counsel failed to present a crucial report made by U.M.C.'s nurse Marian Adams. Mrs. Range was trying to justify the reason she tested positive for opiates. Mrs. Range falsely stated that she took medication similar to opiates for tonsilitis. Petitioner contends that if trial counsel would have presented this documents [sic] to the jury, the jurors would have considered the case in petitioner's behalf, if the jury would have known of Mrs. Range's opiate drug usage. Therefore, trial counsel was ineffective for not presenting this crucial document to the jury.

#1, at 3.[2]

The foregoing *pro se* claim is not a bald and conclusory claim, either as to the performance or prejudice prongs of the *Strickland*[3] standard.

In *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 592 (1972), the Supreme Court held that the allegations of a *pro se* pleading are held to less stringent standards than formal pleadings drafted by lawyers. 404 U.S. at 520, 92 S.Ct. at 596. Both Supreme Court and Ninth Circuit law firmly establish that this less stringent standard for *pro se* pleadings under *Haines v. Kerner* applies fully to habeas petitions filed by petitioners proceeding *pro se*. *See, e.g., Maleng v. Cook*, 490 U.S. 488, 493, 109 S.Ct. 1923, 1926-27, 104 L.Ed.2d 540

---

[2] In the motion to dismiss, the respondents divided the above claim into a Ground 1(a) and 1(b). In the answer, it appears that the respondents instead have returned to and followed the petitioner's original breakdown of the claims in the petition.

[3] *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

-2-

1 (1989); *Brown v. Roe*, 279 F.3d 742, 745-46 (9th Cir. 2002); *Zichko v. Idaho*, 247 F.3d 1015, 1020-21 (9th Cir. 2001); *Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988).

Respondents reliance upon *James v. Borg*, 24 F.3d 20 (9th Cir. 1994), is misplaced. In *James*, the Ninth Circuit affirmed the rejection of an ineffective assistance claim based on the allegation that trial counsel should have presented evidence that the petitioner was not the shooter. The Ninth Circuit affirmed because the petitioner did not identify what evidence counsel should have presented that would have shown that he did not shoot the victims, stating that "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." 24 F.3d at 26. In the present case, in contrast, Ground 1(a) specifically identifies the evidence that petitioner maintains that counsel should have developed; and the petition alleges that the outcome of the trial would have been changed if counsel had done so. That is a sufficiently specific claim that may not be dismissed out of hand on the face of the pleadings without resort to the state court record.

Respondents further contend, second, that Ground 1(a) should be rejected because the Supreme Court of Nevada stated as follows on the claim:

> The record reveals that trial counsel sought to question the victim about a positive drug test, but the trial judge would not allow this line of questioning. Appellant failed to allege what further steps counsel should have taken in this regard. Additionally, appellant does not state how questioning the victim about the drug test would have aided his defense such that the outcome of the trial would have been altered. Therefore, appellant failed to demonstrate that his counsel was ineffective on this issue.

#7, Ex. P, at 3. Respondents maintain that the foregoing constitutes a factual finding that is entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1) unless the petitioner can show by clear and convincing evidence that the finding is wrong. Respondents urge that petitioner has not so pled and that he cannot now amend his petition to do so.

The Court cannot review the correctness of any factual finding without reviewing the underlying record reviewed in making any such factual finding. The AEDPA standard of review is a standard of review not a pleading standard, particularly in a *pro se case*. Respondents must answer Ground 1(a) with argument addressed to the facts in the state

court record, with supporting record citations, and must file the relevant state court record. The Court will not dismiss Ground 1(a) on its face as bald and conclusory.

### *Grounds 1(b), 2(a) and 2(b):   Alleged Prior Statements by the Victim*

In Ground 1(b), petitioner alleges that he was denied effective assistance of counsel when his trial counsel failed to introduce into evidence an investigator's report allegedly containing statements by the victim and failed to cross-examine the victim regarding the statements.  In Ground 2(a), he alleges that he was denied effective assistance of counsel when his trial counsel failed to adequately cross-examine the victim as to her allegedly conflicting statements.  In Ground 2(b), he alleges that he was denied effective assistance of counsel when his trial counsel failed to impeach the victim with, and cross-examine her about, a prior taped verbal statement that she did not want petitioner to go to prison.  Grounds 2(a) and 2(b), in particular, include specifics regarding the alleged statements involved. Petitioner included additional factual detail on all three of these claims in his statement of the corresponding claims in the state courts.[4]  The *pro se* claims, construed liberally as they must be under *Haines v. Kerner*, are not so lacking in specificity that they may be dismissed out of hand on the face of the pleadings without resort to the state court record.  Respondents must answer Grounds 1(b), 2(a) and 2(b) with argument addressed to the facts in the state court record, with supporting record citations, and must file the relevant state court record.

IT THEREFORE IS ORDERED that, within thirty (30) days of entry of this order, respondents shall file a supplemental answer responding to the claims in the petition with argument addressed to the facts in the state court record, with supporting record citations. Respondents further shall file all available state court trial transcripts and any other state court record materials not previously filed that are relevant to the disposition of these claims.

IT FURTHER IS ORDERED that petitioner may file a reply to the supplemental answer within thirty (30) days of service of the supplemental answer.

/ / / /

---

[4] #11, Exhibit "T-A1" (reply filed in the state district court on October 30, 2002); #7, Exhibits "H" & "I".

1    The Court further informs the parties that, particularly given the age of the case, the
2 Court intends to resolve this matter as expeditiously as possible.  Extensions of time will be
3 granted only in extraordinary circumstances, and the parties should treat the deadlines
4 entered in this case as a priority matter over later-filed cases.
5    DATED this   12th   day of      March     , 2007.

_____
ROGER L. HUNT
Chief United States District Judge